IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JOYCE MAGIUM                                                            PLAINTIFF

V.                                        CIVIL ACTION NO. 3:17CV69-NBB-JMV

STATE FARM INSURANCE COMPANY
AND NATIONWIDE INSURANCE
COMPANY                                                              DEFENDANTS

## MEMORANDUM OPINION

This cause comes before the court upon the plaintiff's motion to remand. Upon due consideration of the motion, response, exhibits, and applicable authority, the court is ready to rule.

### Factual and Procedural Background

The plaintiff, Joyce Magium, originally filed this action in the Circuit Court of Tunica County, Mississippi, on March 23, 2017, alleging that she was injured as a result of the negligence of an unknown driver while she was covered under two insurance policies of uninsured motorist coverage issued by defendants State Farm Insurance Company ("State Farm") and Nationwide Insurance Company ("Nationwide").

Defendant Nationwide individually filed a notice of removal in this court on April 12, 2017, under 28 U.S.C. § 1446 and 28 U.S.C. § 1332, asserting diversity jurisdiction. On March 27, 2017, defendant State Farm was served with the complaint by service on the Commissioner of Insurance pursuant to Miss. Code Ann. § 83-21-37. State Farm was put on notice of Nationwide's removal by an email from the plaintiff's counsel when he received the answer and discovery from State Farm's counsel on April 18, 2017. The plaintiff filed her motion to remand

on May 3, 2017, on the ground that State Farm did not timely join in the removal. State Farm did not join or consent to removal of this action until May 15, 2017.

Standard of Review

A party may remove a lawsuit from state court to federal court if the lawsuit is one over which the federal court possesses subject matter jurisdiction. 28 U.S.C. § 1441(a). The party filing a notice of removal bears the burden of showing that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. And Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.* Remand is appropriate where there is a procedural defect and the removing party cannot show strict compliance with the removal statute. *Id.*

Analysis

Title 28 U.S.C. § 1446 sets forth the procedure for removal of a civil action to federal court, providing in relevant part as follows:

(a) Generally. – A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

(b) Requirements; generally. – (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . .

(2)(A) When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.

Section 1446(b)(2)(A) is the "rule of unanimity" and "requires that all defendants to an action must either sign the original petition for removal or timely file written consent to the removal." *Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015). Proper consent to removal must be

accomplished within thirty days of service of the state court complaint. *Id.* Failure to do so renders the removal petition defective. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988).

Defendant Nationwide argues that State Farm did not know Nationwide had removed the action, and Nationwide did not know that State Farm had been served. Counsel for plaintiff attached as an exhibit to the motion to remand a copy of an email exchange revealing that he put counsel for State Farm on notice of Nationwide's removal by email when he received the answer and discovery from State Farm's counsel on April 18, 2017. This date was within the thirty-day period after State Farm was served, and yet State Farm did not consent to removal until May 15, 2017. The consent was therefore untimely, and the removal is defective. Because the removal statute requires strict construal, the court must remand this case to state court.

Conclusion

For the foregoing reasons, the court finds that the plaintiff's motion to remand is well taken and should be granted. A separate order in accord with this opinion shall issue this day.

This, the 23rd day of March, 2018.

/s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE